UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:                                                                 Case Number: 10-10832-7

    JAMES ARTHUR SANDUS,

                  Debtors.

---

    JAMES ARTHUR SANDUS,

                  Plaintiff,

v.                                                                     Adversary Number: 10-128

    EDUCATIONAL CREDIT MANAGEMENT
    CORPORATION,

                  Defendant.

---

## MEMORANDUM DECISION

        The Court conducted the trial in this adversary proceeding on May 18, 2011. Attorney Richard W. Voss appeared on behalf of the plaintiff, and Attorney Jeffrey W. Guettinger appeared on behalf of the defendant. This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

        The debtor owes approximately $147,000.00 in student loans to the defendant. He seeks to discharge that obligation under 11 U.S.C. § 523(a)(8), which provides that student loan obligations may only be discharged if they "impose an undue hardship on the debtor and the debtor's dependents." The debtor is 52 years old. He is single and has no dependents. He obtained an

undergraduate degree and a master's degree in computer science from Northwestern University. He finished his education in 1999. After obtaining his master's degree, he worked in his field from March of 2000 until February of 2003. He then worked as a contract computer technician for a period of time. When he was unable to locate a job in his field, he worked as a carpenter for various periods between December of 2005 and October of 2006. His last job in the computer science field was in 2007, approximately four years before the trial. During these years, he made approximately four payments of $750.00 each on his student loans.

The debtor has several health problems, most notably a heart condition that first materialized in 2004. He underwent several surgical procedures before a heart valve failed in 2008. In August of 2009, the debtor underwent a mitral valve replacement procedure. While the procedure was successful, the debtor must take medication, has regular medical appointments, and remains under physical restrictions which prevent him from working as a carpenter. He also suffers from a condition called Dupuytren's contracture which makes it difficult (and painful) for him to engage in keyboarding. He testified that he has had four hand surgeries to try and correct the condition but they have not been successful.

The debtor applied for social security disability and was granted disability status in May of 2008. He testified that he continues to seek employment in the computer field and engages in routine nationwide job searches. However, his age and his absence from the technology field for a number of years has detrimentally impacted his ability to find employment. He testified that he is no longer certified in

various areas and that the cost of recertification is prohibitive. He receives about $1,800.00 per month in social security benefits and earns about $477.00 a month from a part-time job. His monthly expenses do not leave any extra amount to pay his student loan obligations.

The creditor contends that the debt does not constitute an "undue hardship" as the phrase has been defined by the Seventh Circuit in In re Roberson, 999 F.2d 1132 (7th Cir. 1993), and Goulet v. Educ. Credit Mgmt. Corp., 284 F.3d 773 (7th Cir. 2002). Under the "three-pronged" test for undue hardship outlined in those decisions, the debtor must demonstrate that (i) he cannot maintain, based on current income and expenses, a minimal standard of living for himself and any dependents if forced to repay the loans; (ii) additional circumstances exist indicating that the state of affairs is likely to persist for a significant portion of the repayment period; and (iii) the debtor has made a good faith effort to repay the loans. Goulet, 284 F.3d at 777.

The Court finds that the debtor cannot maintain a minimal standard of living if forced to repay the loans. He is unable to do carpentry work due to his health problems, for which he receives disability payments. He has sought employment in his chosen field for a number of years without success. He currently lives on social security disability payments and the income from a part-time job. The debtor lives frugally, and his budget does not account for the possibility of additional medical or other expenses which might arise in the future. The first prong of the undue hardship test does not require that the debtor live in abject poverty; what he needs to show is that he will live within the strictures of a frugal budget for the

foreseeable future.  Larson v. United States (In re Larson), 426 B.R. 782, 789 (Bankr. N.D. Ill. 2010).  The debtor has also made a good faith effort to repay the loans.

Consequently, the only issue is the existence of "additional circumstances" that indicate his current situation is likely to persist.  The dischargeability of student loans "should be based upon the *certainty of hopelessness*, not simply a present inability to fulfill financial commitment."  Roberson, 999 F.2d at 1136; Goulet, 284 F.3d at 778.  The debtor's health problems were significant enough for him to receive an award of social security disability payments. His testimony indicated that he was required to take medication and have routine medical visits in order to monitor his heart.  He testified that he has incurred approximately $8,000.00 in post-petition medical expenses, a sizeable portion of which remains unpaid.  He remains on physical restrictions which prevent him from performing carpentry work. These conditions are significant and are likely to persist for the duration of the repayment period, if not the remainder of his life. Put another way, the debtor's health problems are "not of a short-term nature and are unlikely to change for the better in the future." Larson, 426 B.R. at 795.

Further, the debtor's dire financial condition is likely to persist for a significant portion of the repayment period.  He testified that he has submitted hundreds of job applications and that he continues to actively seek employment without any success. His loss of various technical certifications due to the passage of time (and the corresponding difficulty in obtaining recertification given the cost involved) poses a barrier to employment. The Court finds it likely that these

problems will persist into the future. When taken together with his age and his health problems, the Court finds that there are sufficient "additional circumstances" to warrant the discharge of the student loans.

Based upon the record, the Court concludes that the student loans at issue impose an undue hardship within the meaning of 11 U.S.C. § 523(a)(8) and are therefore dischargeable.

Dated:  June 3, 2011

BY THE COURT:

/s/ Thomas S. Utschig
_____
Hon. Thomas S. Utschig
U.S. Bankruptcy Judge